UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMIKA W. PERRY, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>  vs.<br><br>GRIMLEY FINANCIAL CORP.<br><br>        Defendants. | Case No.:<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Tamika W. Perry, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Tamika Perry is a resident of Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Grimley Financial Corp. is a corporation doing business in the State of New Jersey, with its corporate headquarters located at 30 Washington Ave. Suite C6, Haddonfield, New Jersey

08033, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.     On or about October 10, 2018, Defendant mailed a collection letter to Plaintiff's address, attached hereto as **Exhibit A**.

7.     The letter sought to collect a debt from Plaintiff, incurred for medical treatment.

8.     The letter provides: "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and a copy of a judgment, or the name and address of the original creditor if different from the current creditor and will provide the information to you in writing."

9.     15 U.S.C. § 1692g mandates that debt collectors provide certain notices in communications to consumers. In accordance with the statute, the notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692g (a)(4).

10.    Additionally, pursuant to § 1692g (a)(5), the notice must contain a statement that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

11. The letter in question appears to mix the requirement of § 1692g (a)(4) with § 1692g(a)(5), preventing the consumer from getting the full legally required disclosure.

12. Defendant's error is more than simply technical; it deprives the consumer of the information concerning his rights, and it leads to different interpretations of the letter.

13. Defendant appears to say that if the consumer disputes the debt in writing, the debt collector will chose whether to obtain verification of the debt *or* to provide the name and address of the original creditor. This is inconsistent with the FDCPA requirements.

14. Under the FDCPA, to obtain verification of the debt, a dispute must be made in writing. However, to obtain information on the original creditor as opposed to the current creditor, the consumer must specifically request information on the creditor.

15. Given Defendant's wording of the letter, the consumer believes that he must dispute the debt in order to obtain the creditor information. This is false and inaccurate. Even worse, the consumer is left with no method of obtaining the creditor information because if he or she disputes the debt, Defendant will only act in accordance with section 1692g (a)(4) as opposed to section 1692g (a)(5).

16. Thus, Defendant has failed to effectively convey the consumer's rights.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

18. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a Pennsylvania address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

19. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

20. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the Commonwealth of Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's

wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

35. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692g (a)(4) and 1692g(a)(5).

38. Section 1692g provides:

> **§ 1692g. Validation of Debts**
>
> **(a) Notice of debt; Content. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

WHEREFORE, Plaintiff, Tamika Perry, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated this 14th day of November, 2018.

Respectfully Submitted,

/s/ Daniel Zemel, Esq.
Daniel Zemel, Esq.
Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T: 862-227-3106
F: 973-282-8603
dz@zemellawllc.com
*Attorneys for Plaintiff*